We'll do your appeal against the costs and fees for your claim, and take your best shot. I don't think it should take the whole 15 minutes, but all right. It's our position here that the district court should not have found this case to be exceptional under 35 U.S.C. Section 285 for purposes of awarding attorney's fees. Now, the record as the district court found it, she recognized that there were no allegations of fraud at the patent office or misconduct during the litigation. So she looked to federal circuit law, namely Brooks Furniture Manufacturing, which is in our brief, and that provides that absent misconduct in conduct of the litigation or in securing the patent, which the district court said that these factors were absent, sanctions may be imposed against the patentee only if both, one, the litigation is brought in subject of bad faith, and two, the litigation is objectively baseless. And the district court further recognized that both the objective and subjective prongs of Brooks Furniture needed to be established, not just one, you needed both, and you needed to establish that by clear and convincing evidence. How is that different, if at all, from the Supreme Court saying that abusive discretion standard applies to all aspects of the district court's determination? I think the way it works in patent cases, you have to find the case exceptional first, and I believe that's a clearly erroneous standard. And then the standard for actually awarding attorney's fees is abusive discretion. Okay, so you think the quote that I had from the Highmark case, which does say to all aspects, you think that should really mean all aspects after you determine exceptionality? That's what I would say. Okay, go ahead then. Now, the Federal Circuit recognizes a presumption that the assertion of a duly granted patent, which we had here, is made in good faith. So what happened here was we have this duly granted patent. As part of a counterclaim, we assert infringement of this designed patent for a balloon sealing device. The counsel go into a case management conference, and Mr. Weber says, well, the device you're accusing of infringement, we've been selling for four years prior to your patent. It's prior art. And to the extent you're saying we infringe, we came first in time. So having heard that, counsel at the case management conference for creatives said, show us the catalog depicting this device that goes back four years. And we were advised that we would get a copy of that catalog. Mr. Terung, my co-counsel here, followed up and asked for a copy of that catalog. And finally, one of our lawyers drove to Akron to see that catalog. And once he saw that catalog and we had that evidence, we volunteered to dismiss this counterclaim. That's the 1989 catalog. Yes, correct, Your Honor. Which they really did have. So we volunteered. And the answer was no. We offered to file a motion to dismiss the counterclaim and ask them to join in. They would not. And then they filed a summary judgment motion against that counterclaim. Couldn't you voluntarily dismiss your claim without them? I don't know if we could or not. No, I don't think we could because they had answered the counterclaims. They had to have permission from the court after the answer. Yeah. After the answer. Was there a claim in this case of fraud on the patent office? No, there wasn't. And the court found that there was no evidence. If we assume there wasn't even a claim on fraud in the patent office, my concern in this case from having handled patent cases as a district judge is that parties are always fighting about prior art. Is there prior art? And if so, what does it say? So saying a case is exceptional because an infringement action is dismissed or goes away because it's prior art would be, seems to me, probably a change in the way these cases are usually approached. But what seemed to be the genesis of this from the district court standpoint is that the device that you did get the patent on, according to the documents, looks virtually identical to the one that's in the catalog. Now, the catalog establishes that there was that device in its prior art prior to your case, but it also seems to suggest that your guy just simply copied that earlier prior art. So his denial of knowing about it seemed to be fanciful. At least that's what I gather the district court was thinking here. So why does that then get it up over the hurdle of exceptional or not? Well, I think what happened, though, as far as the test that the district court was using from Brooks, you're absolutely right. She said there's subjective bad faith here because he, your client, should have known about this, and these devices look very similar, although they are not identical. One has four slots. The other has two. Did she say that she concluded that he did know about it or that he should have known about it? I think it was more that he should have known about it. So in other words, he should have done a prior art search and didn't, and that's what makes it exceptional? Well, but she also said there was no fraud on the patent office. So that's one of the things that was confusing about this ruling. On the one hand, she's saying there's no fraud on the patent office. You didn't need to disclose this. But then on the other hand, she's saying, well, you knew it. You obviously knew about this thing. Because she did say something along the lines that it's difficult to accept that someone actively employed would never have seen this and just drew it at his kitchen table out of his head. But, you know, what I go back to is even if you say that the subjective standard was met, you still have to meet the objective standard by clear and convincing evidence. And the Federal Circuit has said part of their case law, and I think this is in the Eilor case, is that state of mind is irrelevant to the objective baselessness prong. Its existence is to be determined based on the record ultimately made in the infringement proceeding. And at the same time, she said, during the infringement proceeding, your actions tend to do events cooperation. Okay, counsel, I think you're done. Can I ask one other quick question? Sure, go ahead. One other quick question. Obviously, I don't know anything about the balloon sealing field. It seems to me that if there's lots of different ways that people have come up with automatically sealing balloons to have patented one that appears to be identical to one that was already in existence is suspect. But the flip side of that is if there's really only one way to seal balloons, then the fact that you come up with a machine that turns out to look like the earlier one, if there isn't any other way to do it, doesn't seem to carry as much significance. So do you know whether there are multiple ways to seal balloons with machines or whether there aren't? I do not know for a fact. I would presume there are. But the record was never developed in that respect, Your Honor, because we dismissed or at least tried to dismiss these claims as soon as we found out about the prior art. So you didn't say this is the only way to do it, but by the same token, they didn't say there are lots of ways to do it and you copied our way? No. So the record is silent on both propositions? Right. I do not believe that was their argument. Thank you, Counsel. Thank you. Mr. Weber, you're up on either why it's objectively baseless or why you have to show why it's not abusive discretion. Those are my two questions to get started on. Why? Well, it is why their claim was objectively baseless or if that's necessary, and then I had pressed her, isn't abusive discretion the standard for all of it, and she denied that. So if you have some comeback on that, I'm interested. Well, it's both objectively and subjectively baseless. This was a lawsuit that should never have been brought, and this was a patent that should never have been filed. This is just so that you understand, we're not talking about a machine. We're talking about disks, and this disk is premium disk that is used to tie a balloon through these slots. It's on sale, developed by premium or one of the premium associates, on sale for five years, active in the very market that Mr. Pollack, Jules Pollack, and Creative Balloon were active in. Mr. Pollack... Are there other devices that seal balloons aside from this concept of a disk that has slots in it? Sure. I mean, you can take it like you do at home and tie a knot in it. There are cups. It's not a device. That's your finger. No, but there are methods for doing it. That's an easy method. This is not a methods patent. No, you're right. It's a device patent. No, it isn't. It's a design patent. Okay, but it's not a method patent. Okay. No, no, but... Two different types. Okay. There are balloon cups, what are called cups. They're sort of funnel shaped, and you pull the neck down into the funnel, and then you twist it around and you tie it with slots. The reason that I was asking your opposing counsel the question that I asked is, it seems to me that the discovery of prior art alone, and I know you don't say it's alone, but the proposition that the discovery of prior art alone then justifies attorney fees would be a pretty revolutionary concept in the patent area because almost every patent case, both on infringement and validity, turns on, is there prior art and what does it say? Oh, certainly. I agree with you 100%. So once we get to that proposition, then it's got to be something. There has to be prior art, your disk, plus something else, it seems to me. Right. Now here, what is that something else other than, gee, they look like they're the same? Well, they look like they're the same, and it's an exceptional case under 35 U.S.C. 285 because this complaint should never have been brought. Judge Pearson found it incredible that Mr. Pollack, active in this industry, would say he didn't know about this and at his breakfast table without any knowledge that this even existed designed this, which is exactly this with two more slots. But let's assume that she's right, that he did know about it and he copied it. You didn't make any claim in terms of your validity argument about fraud on the patent office, right? No. You claimed it was invalid because of prior art. It was invalid. But you didn't claim that they defrauded the patent office in connection with obtaining the patent, right? No, and I don't have to. So here, this man, properly or improperly, he got the patent office to issue the patent, and the patent examiners, as you know, they examined the prior art as well. This was unpatented prior art. The patent office wasn't aware of this. This was unpatented prior art that Mr. Pollack surely knew about. What I'm saying is when you apply for a patent, you represent what the prior art is or isn't, and the patent office goes through their stuff to see if there's a prior patent that's similar in this case or whether there's prior art. Now, they didn't find your device either, right? They didn't find our device. The patent examiner. Right, because it wasn't patented prior art. They're limited. They're almost exclusively limited to patented prior art. They would not have found ours. But I'll tell you, Mr. Pollack found ours, and he didn't tell the patent office about it, and he got a patent, and he sued us on it. Therein lies the exceptional case. And so from that you say you don't need to show fraud on the patent, or at least you don't need to make the claim of fraud. In a sense, you're inferring fraud on the patent. Absolutely. Do I believe there was fraud on the patent office? You bet your bottom dollar. Right, but the court didn't find that, and the question is, is that necessary to find? That's right, and I told them I would let them dismiss the case provided that I was able to seek attorney's fees. You know, we're talking about family businesses here. We don't hire $100,000 economics experts. We don't get involved in proving fraud on the patent office. Okay, I mean, that's where we're at here. And this is the third copy right here, and they defrauded the patent office as well. Any remaining time for rebuttal? Anything we need to hear on rebuttal? Okay. So I've forgotten what cases they rely upon as their best case to say. If there is prior art and it looks like you copied it, that makes it an exceptional case. So are there any federal circuit or other cases that say that? Well, I mean, I think what happened here was the district court said you weren't going after attorney's fees based on a claim of fraud on the patent office. And she notes that in her footnote 17 of their order. So she didn't look at that to figure out if this was an exceptional case. She then went to the Brooks case that talks about subjective and objective standards. And, again, we don't believe there's any objective evidence here that would meet that standard. We went in with a duly issued patent. And, you know, as far as the patent examiner, they're not. Why isn't it objective evidence that your guy says he invented a disk that turns out to be exactly the same as the disk of his principal competitor? We would say, Your Honor, that goes to the subjective state of mind. The objective standard, as the court said in ILOR, you have to look at what happened at the record of the litigation. And if you look at the record of the litigation, we found out about this and immediately tried to dismiss the claim. So we would say that that test did not meet the objective standard. Help me here. Maybe I'm missing the terms. But if the judge sort of finds as a fact that you knew in advance, why doesn't that also make it objectively baseless? Because, you know, because the case law says you don't look at the subjective view of the inventors. You look at what happened after the case was filed. You're saying exceptional turns upon not having obtained the patent and not even having filed the infringement action, but rather whether you acted responsibly after the action was filed. Yes, that's what we would say, that how we acted after this litigation was filed. And that's what you say Brooke stands for? Yes. You're saying that once you have the patent in hand, you believe that stands for, then you can go ahead and sue on it because you've got it. And then when we found out there was a defect in the patent or issues with prior art, we immediately turned around and dismissed. But let me stop you right there. If the finding was that it wasn't when you found out at the time you filed it, you knew that that existed, doesn't that make it objectively baseless? I don't know that it does. I think that goes to the subjective standard because that goes to what the inventor knew. And as far as the inventor, he makes him out to be, oh, he definitely knew. There's no evidence of that. The judge didn't buy his testimony, but there was no evidence that he was at trade shows and he saw catalogs with these products in there. In fact, his testimony was that he hadn't attended a trade show since well prior to 1989, and they do attend the trade shows and they don't state otherwise. Forget the trade shows for a second. You're in the balloon industry. Presumably, you know how the products that you're selling are being used in the retail marketplace. If nobody's buying these things, you're not going to sell any, right? Is there any evidence in the record as to whether these discs, I guess we'll call them, were commonly available wherever you go to buy balloons and balloon weights? So therefore, how could he not know that this product was already in the marketplace? There is no evidence like that in the record that I am aware of. So although we know it was in a catalog and the catalog would constitute prior art, you agree with that? That's correct. Taking it one step further, does the record reveal anything about how ubiquitous or rare these devices, whether they had ever sold one of these devices in the catalog? I am not aware of any evidence like that in the record. And in fact, the judge's ruling on this was based solely on the client's testimony that she did not buy that he sat down at the kitchen table one night and drew this. Okay. Anything else? Thank you, Counsel. The case will be submitted.